USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
  :
FREDERICK G. DONNELLY,  :
  :
                 Plaintiff,  :
  :     19-cv-2121 (LJL)
   -v-  :
  :     ORDER
RICKY L. SHERER,  :
  :
                 Defendant.  :
  :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     This matter was reassigned to me for all purposes upon my assumption of the bench. It is related to *Donnelly v. Am. Carbon Corp.*, No. 19-cv-6030 (S.D.N.Y. filed June 27, 2019). Both actions arise out of the same motor vehicle incident: this case is against the individual driver, while 19-cv-6030 is brought against the corporate defendant. Both matters have been assigned to Magistrate Judge Parker. The parties in 19 cv 6030 consented to proceedings before Judge Parker for all purposes including trial, pursuant to 28 U.S.C. § 636(c)(1). The Court initially was under the impression that the parties in this action had not consented to proceeding before Judge Parker for all purposes. As a result, the Court held a status conference in this case on September 14, 2020, and, at that conference, directed the parties to address how they proposed that the courts handle two closely related cases arising out of the same incident pending before different judges in this Court. At that time, the Court also expressed skepticism that it would find the good cause or exceptional circumstances to vacate the reference to Judge Parker of 19 cv 6030 pursuant to 28 U.S.C. § 636(c)(4) but indicated it had not prejudged the issue and invited the parties to address it if they wanted the reference withdrawn.

     The parties have submitted the letter as directed. Dkt No. 75. It states that "[b]oth counsel are in agreement that we would prefer to have his matter tried by the Federal Judge assigned" and that it is their joint opinion that "a fresh 'set of eyes' in this action would be beneficial." *Id.* Upon further review, however, the docket reflects that the parties previously consented to conducting all further proceedings before the magistrate judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). They did so on May 17, 2019, as reflected by Judge Ramos's order of the same date. Dkt No. 4. In other words, the conference the Court held and the briefing it requested was all the result of a misunderstanding – Judge Parker has been designated to hear this case for all purposes just as she has been designated for 19-cv-6030.

     The Court considers Dkt No. 75 as a motion to withdraw the designation to Judge Parker in 19-cv-2121. So construing the letter, the Court finds that the parties have not established good cause. Judge Parker has devoted substantial resources to managing this action and is familiar

with the facts.  The parties have requested a jury trial which Judge Parker is fully capable of hearing.  This Court has no familiarity with the matter.  And, as a practical matter, the case is likely to proceed more quickly to trial before Judge Parker than before me.

       SO ORDERED.

Dated: September 24, 2020
       New York, New York

                                        LEWIS J. LIMAN
                                      United States District Judge