**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

FREDERICK G. DONNELLY,

                                            Plaintiff,

                    -against-

RICKY L. SHERER,

                                            Defendant.

----------------------------------------------------------------X
----------------------------------------------------------------X

FREDERICK G. DONNELLY,

                                            Plaintiff,

                    -against-

AMERICAN CARBONATION CORPORATION,

                                            Defendant.

----------------------------------------------------------------X

|  |
|---|
| **USDC SDNY** |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| DOC #:_____ |
| DATE FILED: 6/9/2021 |

**ORDER**

**19-CV-2121 (KHP)**

**19-CV-6030 (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

        After a two-day trial, a jury found Defendants 52% liable and found Plaintiff 48% liable.

The Clerk of Court is respectfully directed to upload to ECF the Court Exhibits from trial, each of

which is attached to this Order:

        Court Exhibit 1: Voir Dire Questionnaire
        Court Exhibit 2: Jury Charge
        Court Exhibit 3: Verdict Form

**SO ORDERED.**

DATED:          June 9, 2021
               New York, New York

KATHARINE H. PARKER
United States Magistrate Judge

<u>**COURT EXHIBIT 1**</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FREDERICK G. DONNELLY,

                Plaintiff,

       -against-                                19-CV-2121 (KHP);

                                                19-CV-6030 (KHP)

RICKY L. SHERER and AMERICAN CARBONATION
CORPORATION,

                Defendants.
_____

**<u>VOIR DIRE INSTRUCTIONS: PROSPECTIVE JURORS</u>**

**<u>Introduction</u>**

       Members of the panel, good morning, I am Judge Parker.  Before we begin, please raise your right hands, and I will ask my deputy to swear you in.

- **CHRIS SWEARS IN PANEL [make sure he says "or affirm" & not "so help you God"]**

       I want to thank all of you for performing your civic duty during COVID.  We have taken many precautions to ensure the Courthouse is safe for proceedings.  If you have any concerns or questions in this regard, please don't hesitate to raise them with me or my staff.  We are here today to select a jury of 7 people to hear a civil trial.  The trial is expected to take approximately 2 days, after which the jury will deliberate and determine its verdict.  We will start today and continue each workday until the trial is done.   Jurors will be expected to report to Court by 9:45 a.m.  Trial will end each day by no later than 5 p.m.  If you have commitments during the

1

next few days that conflict with this schedule, we are going to ask you to move them.  To the extent

that your commitments cannot be moved, I ask that you raise your hand now. [PAUSE]

In order to make certain that we select a fair and impartial jury, I will be asking a

series of questions to everyone here.

The purpose of these questions is to enable us to select a jury that will be fair and

impartial in this case.  My questions to you, and your answers to them, are not evidence in this

case, and you should not regard them, or any thoughts that they may raise in your minds, as having

any bearing upon the case.  The questions are not meant to embarrass you in any way but only to

elicit the basic information necessary to permit the parties to make an informed choice of jurors in

the case.

The law gives to the parties a certain number of peremptory challenges -- in other

words, each party has the right to ask the Court to excuse a certain number of the prospective

jurors without stating any reason. In addition, the Court has the right to excuse prospective jurors

for reasons that appear to the Court to be consistent with the interests of fairness and justice with

respect to the matters to be tried.

If you happen to be one of those excused after having had your name called as a

prospective juror, do not consider this as any reflection whatsoever upon you or upon the potential

quality of your service.  This is all part of our American system of justice and is fair to both sides.

You have done your full duty by your presence, availability, and readiness to serve if required.

Under your oath, you are obligated to give fair and truthful answers to these

questions.  It is your solemn duty to serve as a fair and impartial juror if you are able to do so, but it

is equally your solemn duty not to serve if for any reason you cannot be fair and impartial.

Accordingly, it is your duty to disclose to this Court any fact or belief that might prevent you from

serving as a fair and impartial juror in this case.

However, it is very important that you not say in open Court, or to one another, anything about the parties in this case or about any matter which might tend to impair the open-mindedness and fairness of the other members of the panel. ***If there are matters that you believe you should disclose but that might tend to influence the other jurors, please ask to approach the bench to discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in Court, simply tell me that you would like to approach the bench.***

If at any time those of you in the back of the room cannot hear me, please raise your hand. I will now ask you some general questions. Please raise your hand if your response to any of these questions is "yes".

1. **Do you have any difficulty understanding or speaking English that would interfere with your ability to participate as a juror in this proceeding?**

2. **Do you have any difficulty with your hearing that would interfere with your ability to participate as a juror in this proceeding?**

3. **Do you have any difficulty with your vision that would impair your ability to participate as a juror in this proceeding?**

4. **Are you on any medication or do you have any health condition that would impair your ability to participate as a juror in this proceeding?**

5. **Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or a company?**

6. **Do you have any personal beliefs, religious, political or otherwise, that would affect your ability to accept the instructions of law that I will give you in this case?**

7. **The Plaintiff in this case is Frederick Donnelly, [have him stand]. Is anyone acquainted with the Plaintiff?**

8. **The Plaintiff is represented by Michael Kremins, who will now stand and face you. Is anyone acquainted with Mr. Kremins?**

9. **Mr. Kremins works for a law firm named Raskin & Kremins, LLP.  Is anyone familiar with that law firm? [Do you know anyone who works for this firm? Who?]**

10. **The Defendants in this case are Ricky Sherer and American Carbonation Corporation.  Is anyone acquainted with Mr. Sherer or American Carbonation Corporation?**

11. **Defendants are represented by Douglas Alan Gingold, who will now stand and face you. Does anyone know or has anyone heard of Mr. Gingold?**

12. **Mr. Gingold works for a law firm named the Law Offices of James J. Toomey.  Is anyone familiar with that law firm? [Do you know anyone who works for this firm? Who?]**

13. **In addition to the parties and attorneys, an individual named Daniel George Koerner may be referred to or called as witnesses or may be mentioned in the context of this case.  Do any of you know, or have you had any dealings, either directly or indirectly, with, or have you heard of that individual, or members of his family or associates or friends of his?**

[**If yes:** are you able to set aside whatever you have heard or whatever dealings you have had with those individuals and decide the case on the evidence that you hear and the law as stated to you by this Court?]

### Description of the Case and General Principles of Law

I am now going to explain a little bit about what this case is about.  This case involves a car accident that occurred on March 28, 2016.  The Plaintiff, Mr. Donnelly's car came into contact with the Defendant, American Carbonation Corporation's truck at the intersection of Hunts Point Avenue and Randall Avenue in the Bronx.  Mr. Sherer was driving the truck in the course of his employment as a driver for American Carbonation Corporation.  Both vehicles had been traveling eastbound on Hunts Points Avenue and both were attempting to make a right-hand turn from Hunts Point Avenue onto Randall Avenue just before the accident.  Mr. Donnelly asserts that Mr. Sherer is at fault for the collision.  The Defendants assert that Mr. Donnelly was at fault.

In a civil case, such as this one, the PLAINTIFF has the burden of proving his case by a preponderance of the credible evidence.  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  This concept of preponderance of the evidence is often illustrated with the idea of scales.   If you find that the evidence on any issue is balanced evenly and equally in favor of the plaintiff and the defendant, that is to say, if the scales are evenly balanced, then the plaintiff, who has the burden of proof in this case, would NOT have sustained his burden and the case must be decided in favor of the defendant.  Similarly, if the scales tilt in favor of the defendants, then the case must be decided in favor of the defendants.  However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied.  In that instance, the case must be decided in favor of the plaintiff.  Defendants will similarly need to prove their defense by a preponderance of the evidence.

Under our system of law, the facts are for the jury to determine and the applicable law is for the Court to determine, meaning myself.  These two areas are separate and distinct.  At the end of the case, I will instruct those of you who are selected as jurors in detail as to the law and burden of proof applicable to this case.  You are required to accept the law as I explain it to you.  If selected, it will be your job as jurors to determine the facts based solely on the applicable rules of law.  You must not substitute your own notions of what the law is or what you think it should be.

I am now going to ask you additional questions and we will follow the same process as we did earlier.  Please raise your hands if your answer to any of the questions is yes.   Again, if in response to any follow up questions you would like to speak about a matter privately, you may ask to approach the bench.

1. **Do you have any personal knowledge of the allegations in this case as I have described them?**

2. **Do any of you have familiarity with the general site of the accident: the intersection of Hunts Point Avenue and Randall Avenue in the Bronx, New York?**

3. **Have you seen, read, or heard anything about this case through the media, the Internet, or any other source?**

4. **Is there anything about this case that would cause you to be unable to render a fair and impartial verdict?**

5. **In the eyes of the law, all parties, whether individuals or corporations, are to be treated the same way. If selected as a juror, would you have any issue accepting and applying this principle of law?**

6. **Do you have any doubts about your ability to render a verdict in favor of the plaintiff or defendants, regardless of any sympathy you might have for any of the parties, if the law and evidence warrants such a result?**

7. **If you are selected to sit on this case, is there any reason you could not render a verdict solely on the evidence presented at the trial and in the context of the law as I give it to you and not based on any other ideas, notions or beliefs about the law you may have?**

8. **Do you know of any reason you could not render a fair and impartial verdict in this case?**

9. **Do you know of any reason why you should not sit as a juror in this case?**

10. **Have you ever served as a juror in any court?**

    a. **When and in what court was that?**

    b. **Was it a civil or a criminal case?**

    c. **Did the jury reach a verdict in that case?**

I am now going to ask you some more personal questions. Again, please raise your hand if the answer is yes and if in response to follow-up questions you would like to speak privately, you may ask to approach the bench. ***[Follow up:  Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and/or to follow my instructions on the law?]***

11. Have you ever studied or practiced law or worked in any capacity for a law office?

12. Do you, or does anyone close to you, work or have experience in the legal field or court system?

13. Do you have any opinion or attitude about lawyers in general that will make it difficult for you to be fair and objective in this case?

14. Have you, or has anyone close to you, ever brought a lawsuit against anyone?

15. Have you, or has anyone close to you, ever been involved in a lawsuit?

16. Have you, or has anyone close to you, ever appeared as a witness either at a trial or at another legal proceeding?

17. Have you, your family, or anyone close to you ever been injured in a car accident?

18. Have you, your family, or anyone close to you ever worked a job that requires a substantial amount of time operating a motor vehicle?

19. Have you, your family, or anyone close to you ever worked as a driver of a tractor-trailer or truck?

20. Are you a licensed driver?

21. Do you have a high school degree?

22. Do you have some college or a college degree? [What is your degree?]

23. Do you have a graduate degree? [What is your degree?]

24. Are you or have you ever been employed? [What is/was your current occupation? How long have you been employed by your current employer? What type of work did you do before that? For whom?]

25. Are you married or have you ever been married? [What kind of work does your spouse or former spouse do?]

26. Do you live with someone other than a spouse who is age 18 or older? [Do they work? What kind of work do they do?]

I am now going to ask each of you some additional questions. [Start with Juror 1]

27. What county or neighborhood do you live in?  [For how long have you lived there?]

28. What newspapers and magazines do you read on a regular basis?

29. **What tv shows do you watch on a regular basis?**

30. **What websites do you visit on a regular basis?**

31. **Is there anything else the Court should know about that might impact your ability to serve?**

<u>**COURT EXHIBIT 2**</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FREDERICK G. DONNELLY,

                    Plaintiff,

                                           19-cv-2121 (KHP);
               -against-                           19-cv-6030 (KHP)

RICKY L. SHERER and AMERICAN CARBONATION
CORPORATION,

                    Defendants.
_____

**KATHARINE H. PARKER, United States Magistrate Judge**

<u>**JURY CHARGE**</u>

<u>**GENERAL INSTRUCTIONS**</u>

      You are about to undertake your function as jurors to decide the fact issues in this case. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

      You will recall that at the start of the trial I suggested it was important that you not only listen carefully to each witness as he or she testified, but also that you observe each witness.

      It has been evident to me, as I am sure it has been to the lawyers, that you have faithfully discharged your duty to listen carefully and observe each witness who testified. I ask you now to give me that same careful attention as I instruct you on the law that is applicable to the case.

      You have now heard all of the evidence in the case as well as the final arguments from the

1

parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you find them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not ask anyone else about the law.   You should not take advice about the law from anyone else but me.

Further, you should not take any single instruction as stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

However, as to all factual matters, you, the members of the jury, are the sole and exclusive judges; you pass upon the weight of the evidence; you determine the credibility of witnesses; you resolve such conflicts as there may be in the testimony; you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

**EVIDENCE**

Because you are charged with determining the facts based on the evidence, I want to remind you that the evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  That is it.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection or for impeachment.

The lawyers' questions are not evidence and you should not consider them while you deliberate.  It is the witnesses' answers that are evidence, not the question.

Also remember that you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Those answers are not evidence and may not be considered during your deliberations.  Furthermore, where a question was objected to and I sustained the objection, you must disregard any answer that was given to that question.  However, if there was an objection that I overruled, you can, and should, consider the answer given to that question as evidence.

At times, a lawyer on direct or cross-examination may have incorporated into a question a statement which assumed certain facts to be true.  Other times, a lawyer may have read from a document not in evidence and asked the witness if the statement read was true.  If the witness denied the truth of the statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Neither arguments nor objections by the lawyers are evidence, because the lawyers are not witnesses.

Further, what the lawyers have said to you in their opening statements and in their closing

4

statements is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from their statements, it is your recollection that controls.

Finally, any statements that I may have made during trial do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

At various times during the trial there may have been so-called "sidebar" conferences. These conferences related to matters of law which do not concern you, and so these conferences or their purposes may not enter into your consideration.  Nor should you show any prejudice against an attorney or a party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Because you are the sole judges of the facts, nothing I have said or done should be considered as an opinion as to the facts or what your verdict should be.  Any questions I asked were intended only for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  The rulings I have made during the trial are not any indication of my views of what your decision on the facts should be. I have no opinion as to the verdict you should render.

During the trial, written questions by some members of the jury may have been asked of certain witnesses.  Testimony that answered a question submitted by a juror should be considered in the same manner as any other testimony in the case.  If you submitted a question that I did not ask, you should NOT draw any conclusion or inference from the fact that your

question was not asked.  Similarly, you should not speculate about the possible answer to any question that was not asked.

You are to perform the duty of finding the facts without bias or prejudice to any party.  All parties stand equal before a jury in the Courts of the United States.  Additionally, a corporation is entitled to the same fair trial as an individual.

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.

In addition to determining facts, the attorneys in this case made a stipulation in which they agreed to certain facts.  Specifically, the parties agree that defendants are to be considered as one entity because Mr. Sherer was employed by American Carbonation Corporation and was driving within the scope of his employment at the time of the accident.  This means there is no dispute as to these facts and that these facts are established for purposes of this case.  You must consider the agreed facts along with all the evidence presented and give the agreed facts such weight as you find is appropriate.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict – direct and circumstantial.

Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses -- something the witness has seen, felt, touched, or heard.  Direct

6

evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other, related facts.  Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day.  Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then, a few minutes later, another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  Using your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is equally as valuable as direct evidence; it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.  The law simply requires that your verdict must be based on ALL the evidence presented, which includes direct and circumstantial evidence.

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.   It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

7

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. You may not guess or speculate in reaching your conclusion. An easy example of speculation is as follows: suppose a witness testifies that the water glass was located exactly in the middle between two people at a table. The witness states that he heard glass breaking and looked up to see both people on either side of the glass brushing water from their clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass, because you would have to guess as to who did it. But if the witness also testified that he heard the person to the right of the glass say, "I am sorry," this additional evidence would allow you to decide who knocked over the water glass because you could draw a reasonable inference that the person who said "I am sorry" was responsible.

Thus, an inference is a deduction or conclusion that you, the jury, are permitted to draw – but are not required to draw – from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**<u>CREDIBILITY</u>**

During the trial, you have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony. When determining credibility,

you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

You watched the witnesses testify.  Everything the witnesses said or did on the witness stand counts in  your determination.  How did a  witness impress you?  Did a witness appear to be frank, forthright, and candid, or instead evasive and edgy, as if hiding something?  How did a witness appear; what was the witness' demeanor and/or behavior while testifying?  All of these considerations, and others, can be considered when determining a witness' credibility.

When deliberating, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case and whether that impacts the witness's credibility.  You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of the testimony and its consistency or lack of consistency with other credible testimony.  It is your role to balance these considerations during your deliberations.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness' demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience in making that determination.

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those

9

witnesses.  You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.  People sometimes forget things and even a truthful witness may be nervous and contradict himself.  It is not unusual that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.  But a witness lying on purpose is always a matter of importance and should be considered seriously.

You may disregard all of that witness' testimony, or you may accept whatever part you think should be believed.  It is up to you to determine whether a witness testified falsely and whether he or she did so deliberately.  It is entirely up to you to determine the weight, if any, that should be given to the testimony of such a witness based on all the evidence and your common sense.

**INTERESTED WITNESS**

Mr. Donnelly and Mr. Sherer are both interested witnesses.  An interested witness is not necessarily less believable than a disinterested witness.  The fact that he is interested in the outcome of the case does not mean that he has not told the truth.  It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his interest.  You may, if you consider it proper under all of the circumstances, choose not to believe the testimony of an interested witness, even though it is not otherwise challenged or contradicted.  However, you are not required to reject the testimony of such a witness, and may accept all or such part of

10

his testimony as you find reliable and reject such part as you find unworthy of acceptance.

**SINGLE WITNESS**

The testimony of a single witness is sufficient to prove any fact and would justify a verdict in accordance with such testimony.  This is true even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold a greater belief in the accuracy and reliability of the testimony of the one witness.

**IMPLICIT BIAS**

Everyone -- including me -- has feelings, assumptions, perceptions, fears, sympathies, generalizations, prejudices and stereotypes that we may not be aware of.  These are called "implicit biases."  These biases may concern race, gender, national origin, sexual orientation, class, education, and many other issues.  These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes or biases.  The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions.  Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

As I told you at the beginning of the trial, in this case Mr. Donnelly bears the burden of

11

proof as to his claim that Mr. Sherer was negligent.  Similarly, Defendants have the burden of proof as to their claim that Mr. Donnelly was negligent.  Before I explain what that means, I want to emphasize that the standard of proof for both parties is a "preponderance of the evidence." Accordingly, the party bearing the burden of proof in each instance has the burden of proving EVERY DISPUTED ELEMENT of his claim by a preponderance of the evidence.

But what does preponderance of the evidence mean?  Well, to establish a fact by a preponderance of the evidence means to prove that the fact is <u>more likely true than not true</u>.  A preponderance of the evidence means the greater <u>weight</u> of the evidence.  It refers to the <u>quality</u> and <u>persuasiveness</u> of the evidence, not to the number of witnesses or documents.  In determining whether a party has proved its claim by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered them.  I would note here that the law does not require any party to call as witnesses all persons who may have some knowledge about the matters at issue in this trial or to introduce as exhibits all papers or things that are mentioned in the evidence in this case.  Again, what matters is the quality of the evidence.

If you find that the credible evidence is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue <u>against</u> the party with the burden of proof.  This is because the party with the burden of proof must prove more than simple equality of evidence -- the party must prove the issue by a preponderance of the evidence.  So long as you find that the scales tip, even just a little bit, in favor of the party with the burden of proof, then that party will have proven the fact/issue by a preponderance of the evidence.

Therefore, any time I use the expression "if you find" in my instructions to you, I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  That requirement does NOT apply to a civil case such as this and you should put it out of your mind for your deliberations in this case.


**PARTIES' ALLEGATIONS**

The plaintiff in this case is Frederick Donnelly. The defendants are Ricky Sherer and American Carbonation Corporation.  Mr. Donnelly claims that Mr. Sherer, while operating a truck owned by American Carbonation Corporation, caused an accident that injured Mr. Donnelly.  Mr. Donnelly asserts that the accident was caused entirely by the negligent conduct of Mr. Sherer. Mr. Sherer, on the other hand, says that the accident was caused entirely by the negligent conduct of Mr. Donnelly.  Mr. Sherer adds that, even if he were partially at fault (which he says he was not), he asserts that Mr. Donnelly was also partially responsible for the accident.

Mr. Donnelly has the burden of proving that Mr. Sherer was negligent AND that Mr. Sherer's negligence was a substantial factor in causing the accident.  Likewise, Mr. Sherer has the burden of proving that Mr. Donnelly was negligent AND that Mr. Donnelly's negligence was a substantial factor in causing the accident.  As I already mentioned, Defendants are to be considered as one single entity because Mr. Sherer was employed by American Carbonation Corporation and driving within the scope of his employment at the time of the accident. Therefore, you can think of both defendants as one party for the purposes of your discussions.

13

**INTRODUCTION TO DELIBERATIONS**

I will now list the necessary elements that the plaintiff must prove in order to sustain his claim against the defendants.  And I will also lay out the elements that defendants have to prove to establish that, even if they were negligent, the plaintiff's own negligence caused his injuries.  Your duty will be to determine whether or not these elements have been proven by a preponderance of the evidence.

You will first be asked if plaintiff has shown that Mr. Sherer was negligent and whether that negligence was a substantial factor in causing the accident.  If you find Mr. Sherer was not negligent, or that his negligence was not a substantial factor in causing the accident, your deliberations will end.  If, however, you find that he was negligent and that his negligence was a substantial factor in causing the accident, you will be asked the same questions about plaintiff's conduct.  If you find that both Mr. Donnelly and Mr. Sherer were negligent and that their negligence was a substantial factor in causing the accident, you will be asked to <u>apportion</u> the fault between them.  I will describe more about apportionment later.

You are <u>not</u>, however, being asked to determine what damages Mr. Donnelly or anyone else suffered due to the accident.  The question of the amount of damages, if any, is not a part of the questions being put to you and you must not concern yourself with or speculate about that question at all.

Based on the instructions I just gave you, you may have already realized that finding a driver to be liable for the accident requires answering a two-part question.  First you must determine if that driver was "negligent."  If you so find, you then must determine whether the negligence was a "substantial factor" in causing the accident.

We shall discuss each concept -- negligence and causation -- separately.

**NEGLIGENCE DEFINED**

The first concept is negligence.  Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger.  A person is only responsible for the results of his or her conduct if the risk of injury is reasonably foreseeable.  The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be not merely possible, but probable.

Negligence is a lack of ordinary care.  A person is negligent when he or she fails to exercise that degree of care that a reasonably prudent person would have exercised under the same circumstances.  Negligence may arise when (1) someone does something a reasonably prudent person would not have done under the same circumstances or (2) someone fails to do something that a reasonably prudent person would have done under the circumstances.

Drivers always have a duty to operate their automobile with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions.  Thus, each driver in this case was under a duty to maintain a reasonably safe rate of speed; to have his or her vehicle under reasonable control; to keep a proper lookout under the circumstances to see and be aware of what was in their view; and to use reasonable care to avoid an accident.  If you find that either of the drivers in this case did not observe that which was there to be seen, you may find that he or she was negligent in failing to look or in not looking carefully.

The relative rights and duties of the drivers depend upon distances between and speed of the vehicles.  The propriety of their conduct depends upon all the surrounding facts and

15

circumstances.  The question of whether either driver was driving their vehicle in such a manner as to constitute negligence is a question of fact for you the jury to determine.


**VEHICLE AND TRAFFIC LAW**

In addition to the general rules of negligence that apply to drivers that I've just stated, the New York Vehicle and Traffic Law establishes additional standards and rules of conduct which must be obeyed by drivers.

In this case, each of the parties claims that the other violated some of these traffic laws and rules.   The laws and rules at issue in this case are as follows.

First, section 1160(a) of the Vehicle and Traffic Law provides that:

Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right hand curb or edge of the roadway or, where travel on the shoulder or slope has been authorized, from the shoulder or slope.

Second, section 1163(a) of the Vehicle and Traffic Law provides that:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty . . . or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.  No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

Third, section 1123(b) of the Vehicle and Traffic Law provides that:

The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety.

Fourth, section 1180(a) of the Vehicle and Traffic Law provides that:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

In considering the evidence in this case and these laws, you must determine whether

16

plaintiff has proved that the defendants failed to comply with any of these laws.  If you find that defendants violated any of the Vehicle and Traffic laws, such a violation constitutes negligence. You cannot disregard a violation of the statute and substitute some standard of care other than that set forth in the statutes.  In other words, if you find that defendants violated any of the Vehicle and Traffic laws listed above, you must find that they were negligent.

Similarly, you must decide whether defendants have proved that the plaintiff failed to comply with any of these same laws.  If you find that plaintiff violated any of the Vehicle and Traffic laws, such a violation constitutes negligence.  You cannot disregard a violation of the statute and substitute some standard of care other than that set forth in the statutes.  In other words, if you find that plaintiff violated any of the Vehicle and Traffic laws listed above, you must find that he was negligent.

## CAUSATION

As you recall, I told you there were two components to finding that any driver is liable or responsible for an accident.  First, as I have just explained to you, you must determine if that driver was negligent.  If that person was not negligent, that person is not liable for the accident.

But if you were to determine that one of the drivers did act negligently, then you must determine whether that driver's negligence <u>caused</u> the accident.  An act or omission is regarded as a cause of an accident if it was a <u>substantial factor</u> in bringing about the accident -- that is, if it had such an effect in producing the accident that reasonable people would regard it as a cause of the accident.

There may be more than one cause of an accident.  Where the independent and negligent acts (or omissions) of two or more persons cause an accident, each of those negligent

acts (or omissions) is regarded as a cause of that accident provided that it was a substantial factor in bringing about that accident.

**APPORTIONMENT OF LIABILTY**

If you find that Mr. Sherer was not negligent or that his negligence was not a substantial factor in causing the accident, you must find that defendants had no fault.  But, if you find that Mr. Sherer was negligent AND that his negligence was a substantial factor in causing the accident, you must next consider whether Mr. Donnelly also was negligent and whether his conduct also was a substantial factor in causing the accident.  Just as it was the plaintiff's burden to show that defendants were negligent and contributed to causing the accident, the burden is on the defendants to prove that the plaintiff was negligent and that his negligence contributed to causing the accident.  If you find that the plaintiff was not negligent or that his negligence was not a substantial factor in causing the accident, you must find that plaintiff had no fault.

If, however, you find that the plaintiff was negligent and that his negligence contributed to causing the accident, you must then <u>apportion</u> the fault between the plaintiff and the defendants.  Weighing all the facts and circumstances, you must consider the total fault and determine what percentage of fault is chargeable to plaintiff and what percentage of fault is chargeable to defendants.  The verdict form will allow you to state the percentages you find. The total of those percentages must, of course, equal one hundred percent (100%).

As a brief reminder, the parties have stipulated that defendant Ricky Sherer was the driver of the truck and that defendant American Carbonation Corporation was the owner of the truck and Mr. Sherer's employer.  Therefore, if you find that Mr. Sherer's negligence was a substantial factor in causing the accident, you must find both defendants responsible.

18

## GPS EVIDENCE

Plaintiff claims that the Defendants failed to produce electronically stored information from a GPS system that was connected to Mr. Sherer's truck.  If you find that the GPS information existed, that Defendants are in possession of that information, and that American Carbonation Corporation has not offered a reasonable explanation for not producing it, you must decide what importance, if any, it would have had in your deliberations.  If you decide the GPS information would have been important in your deliberations, you may, but are not required to, conclude that if it had been produced it would not have supported Defendants' position on the issue of how fast the truck was travelling at the time of the accident.  Additionally, you may, but are not required to, draw the strongest inference against Defendants on the issue of the speed of the truck at the time of the incident that the opposing evidence permits.  If you decide, however, that the GPS information does not exist, that it is not in Defendant American Carbonation Corporation's possession, that the evidence would not have been important in your deliberations, or that the company has offered a reasonable explanation for not producing it, the absence of this evidence should have no bearing on your deliberations.

## DELIBERATION

You will now retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  You should not hesitate to change an opinion when other jurors convince you that it is wrong.  That said, do not surrender your honest convictions solely because others disagree or merely for the purpose of returning a verdict.

19

It is important that the views of all jurors be considered.  This is especially so because any decision you make must be unanimous.  In other words, to answer any question on the verdict sheet, all 7 of you must agree on that answer.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accord with the truth.

The manner in which you will conduct your deliberations is wholly in your discretion.  You may follow any procedure you choose, provided that each juror is presented with ample opportunity to express his or her views.  You should not communicate any personal professional expertise you might have or other facts not in evidence during deliberations.  Rather, you must base your discussions and decisions solely on the evidence presented during trial and that evidence alone.  You should not consider or speculate on matters not in evidence.  By following these directions, when you do reach a verdict, you will know that it is a just one, made with the full participation of all jurors, and that you will have faithfully discharged your oath, which is to decide the case without fear, without favor, without prejudice and without sympathy, and solely in accordance with the evidence and the law.  In addition – and I say this not because I believe it is necessary but because it is my duty to so advise you – the jurors should be polite and respectful to each other so that in the course of your discussions in the jury room each juror may make his or her position clear.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her beliefs solely for the purpose of returning a final verdict.

As I told you at the beginning of the trial, you may refer to the notes you have taken during

20

the trial.  Do not, however, use these notes as anything more than a way to help you recall the testimony that has been given.  Do not place too much emphasis on what you have written down; you must consider all of the evidence that has been presented as a whole.

The tradition in my Court is that Juror No. 1 serves as the foreperson of the jury.  The role of the foreperson is to communicate by note to me if the jury has any questions or requests, to act as chairperson of your discussions if needed, to tally the vote and sign the verdict form, and to announce the verdict in open court.  Of course, the foreperson's vote is entitled to no greater weight than the vote of any other juror.

You will move to another courtroom for your deliberations, the seating in that courtroom has been spaced out so that you may all deliberate with one another while maintaining social distancing.  Immediately outside the jury room will be a United States Marshal.  We will send electronic versions of all the exhibits into the jury room when you begin your deliberations.  A copy of the charge I have just given you is on each of your desks in the jury room as well.  There is only one verdict form, and it is on the foreperson's desk.  The foreperson will complete the verdict form and provide it to the Court after you reach a verdict.

You will note from the wording of the questions on the verdict form that depending on your answers to certain questions, you need not answer another question or questions.  Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

If, during the course of deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for purposes of having such testimony read to you or having such question answered.  If you wish to communicate with me, you may write a note, seal it in an

envelope, knock on the door, and hand it to the Marshal.  I will respond to any note as best I can. I caution you, however, that a note from the jury may require discussions among the attorneys and the Court, and thus we will not be able to respond to you right away.

Also, in the course of your writing a note to me, you should NOT disclose how you may stand or what your vote may be on any issue.

Once again, all of you must agree on a decision before a verdict can be reached.  This means that for each question on the verdict sheet, all seven of you must agree on the answer before you can deem the question answered.  When you have reached a verdict and completed the jury verdict form, all jurors will sign and date the completed form, seal it in an envelope, and advise the Marshal outside your door that you have reached a verdict.  I stress that ALL of you must be in agreement for each answer.  Once your answers are announced in open court and officially recorded, they ordinarily cannot be revoked.

**COURT EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDERICK G. DONNELLY,                           **VERDICT FORM**

               Plaintiff,

        -against-                                    19-CV-2121(KHP)
                                                   19-CV-6030(KHP)

AMERICAN CARBONATION CORPORATION and
RICKY L. SHERER,

               Defendants.
------------------------------------------------------------------X

We, the undersigned jurors, duly drawn, empaneled and sworn to try the above

entitled action, say that we answer the written interrogatories submitted by the

Court as follows:

1.    Was the defendant driver, Ricky L. Sherer negligent in the operation of his
truck ?

      <u>Answer</u>:  X̲ Yes      No.

**NOTE:**    **If your answer is YES, go to Question #2.**

**If your answer is NO – STOP AND REPORT YOUR VERDICT.**

2.    Was defendant driver, Rick L. Sherer's negligence, a substantial factor in causing the accident?

      Answer: <u> ✗ </u> Yes <u>    </u> No.

**NOTE:**    **If your answer is YES, go to Question #3.**
            **If your answer is NO – STOP AND REPORT YOUR VERDICT.**

3.    Was plaintiff driver, Frederick G. Donnelly negligent in the operation of his car?

      Answer: <u> ✗ </u> Yes <u>    </u> No.

**NOTE:**   **If your answer is YES, go to Question #4.**
          **If your answer is NO –REPORT YOUR VERDICT TO THE
          COURT.**

4.   Was plaintiff driver,  Frederick G. Donnelly's negligence, a substantial
     factor in causing the accident?

     <u>Answer</u>:  $\times$ Yes _____No.

**NOTE:**   **Proceed to Question 5 <u>ONLY</u> if you answered "Yes" to Question 2
          and 4. IF YOU ANSWERED NO REPORT YOUR VERDICT TO
          THE COURT.**

**YOU MAY ASSIGN A PERCENTAGE *ONLY* IF YOU ANSWERED "YES" TO BOTH QUESTIONS REGARDING THE DEFENDANT DRIVER AND PLAINTIFF DRIVER .**

5.    What is the percentage of fault of:

Defendant, Ricky L. Sherer          _52_ %

Plaintiff , Frederick G. Donnelly          _48_ %

THE TOTAL **MUST** ADD UP TO 100%

REPORT YOUR VERDICT
You are finished.  Please sign your names in the spaces provided below, fill in the date, and inform the marshal that you have reached a verdict.

1. _Mary Ellen Tellu_          4. _Cathey Romano_
2. _Nul by_          5. _Ann K. Leahy_
3. _Susan Gorin_          6. _Zeff Stele_

7. _____

Dated: _June 9, 2021_
       New York, New York